FILED
 2014 Jul-25  PM 03:21
 U.S. DISTRICT COURT
     N.D. OF ALABAMA

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| FRITZ STALLINGS; KEVIN McNIESE, | ) ) ) |
| Plaintiffs, | ) ) |
| vs. | ) ) CASE NO. 2:13-CV-1205-SLB |
| NATIONALFLEX, L.L.C., | ) ) ) |
| Defendant. | ) |

## MEMORANDUM OPINION

The case is presently pending before the court on the parties' Joint Motion for Approval of Settlement. (Doc. 12.)[1] For the reasons set forth below, the court find the parties' Motion is due to be granted.

The court notes:

> [T]he FLSA's provisions are mandatory and, except in two narrow circumstances, are generally not subject to bargaining, waiver, or modification by contract or settlement. *Brooklyn Savings Bank v. O'Neil*, 324 U.S. 697, 706, 65 S. Ct. 895, 902, 89 L. Ed. 1296 (1945). The first exception is that the Secretary of Labor may supervise the payment of back wages to employees; employees who accept such payments waive their rights to bring suits for liquidated damages, provided the employer pays the back amount in full. 29 U.S.C. § 216(c); *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1352-53 (11th Cir. 1982).
>
> The second route to settlement, and the one that is applicable here, occurs when an employee brings a private action for back wages under 29 U.S.C. § 216(b); the employee and employer present a proposed settlement to

---

[1]Reference to a document number, ["Doc. ___"], refers to the number assigned to each document as it is filed in the court's record.

the district court, and the district court reviews the judgment and enters it as a stipulated judgment. *Lynn's Food Stores*, 679 F.2d at 1354 ("Settlements may be permissible in the context of a suit brought by employees under the FLSA for back wages because initiation of the action by employees provides some assurance of an adversarial context. The employees are likely to be represented by an attorney who can protect their rights under the statute. Thus, when the parties submit a settlement to the court for approval, the settlement is more likely to reflect a reasonable compromise of disputed issues than a mere waiver of statutory rights brought about by an employer's overreaching.").

In reviewing a settlement of an FLSA private claim, a court must "scrutiniz[e] the settlement for fairness," *id*. at 1353, and determine that the settlement is a "fair and reasonable resolution of a bona fide dispute over FLSA provisions," *id*. at 1355. "If a settlement in an employee FLSA suit does reflect a reasonable compromise over issues, such as FLSA coverage or computation of back wages, that are actually in dispute[,] . . . the district court [may] approve the settlement in order to promote the policy of encouraging settlement of litigation." *Id*. at 1354.

*Stalnaker v. Novar Corp*., 293 F. Supp. 2d 1260, 1262-63 (M.D. Ala. 2003).

The parties have not submitted their settlement agreement to the court. However, their Joint Motion for Approval of Settlement states, in pertinent part, as follows:

> 3. . . . The Parties agree that the instant adversarial action involves disputed factual and legal issues, including (i) the number of overtime hours worked by Plaintiffs during each workweek, if any; (ii) whether Defendant suffered or permitted Plaintiffs to work overtime hours; (iii) whether Plaintiffs are entitled to recover liquidated damages; and (iv) whether a 2-year or 3-year statute of limitations appl[ies] to Plaintiffs' claims.
>
> 4. None of the [P]arties were willing to accept the inherent costs and risks of continued litigation. Therefore, the Parties, represented by undersigned counsel, engaged in settlement discussions and reached an agreement to resolve this matter.
>
> 5. Plaintiff McNiese is receiving $3,500 in full and complete settlement of his claims asserted in the lawsuit. Plaintiff McNiese also

2

asserted claims for his termination. Plaintiff Stallings is receiving $2,500 for full and complete settlement of his claims in this lawsuit. Both above amounts represent a compromise of the potential recovery for each Plaintiff. Plaintiff McNiese originally claimed 336 hours of unpaid overtime calculated at an overtime rate of $20.62 per hour for a potential recovery of $6,928.32. Doubling that amount for liquidated damages would equal $13,856.64. Plaintiff Stallings originally claimed 120 hours of unpaid overtime, which calculated at an overtime rate of $20.62 equaled a potential recovery of $4,639.50.[2] Doubling that amount for the addition of liquidated damages would equal $9,279.

Both Plaintiffs' claims for unpaid overtime primarily centered around travel time to and from work for after-hour calls. While Plaintiffs each asserted claims for working through unpaid meal breaks and some weekend work, the primary claims of unpaid overtime for travel were less certain due to the fact that they were not during each Plaintiffs' ordinary scheduled work hours. Defendant disputed that it owed Plaintiffs any money at all, maintaining that it had paid each Plaintiff for all overtime hours worked. The parties negotiated at arm's length a compromise settlement that removed the uncertainties of litigation and insured a reasonable recovery by each Plaintiff for hours worked based upon estimated potential recovery at trial.

6. Plaintiffs' attorneys are receiving a total of $5,000 for fees and reimbursement of $500 for expenses. Plaintiffs' attorneys incurred a total time investment in the case of approximately $5,900, plus $500 in expenses. Thereby, Plaintiffs' attorneys are receiving less than their regular hourly rate on this case. Attorneys' fees and costs were negotiated at arm's length between the [P]arties.

(Doc. 12 ¶¶ 3-6 [footnote added].) The parties contend that the settlement is "fair." (*Id*. ¶ 7.)

---

[2]Actually, 120 hours at $20.62 per hour equals $2,474.40. The court assumes, however, that the parties agreed that Stallings claimed entitlement to $4,639.50 for unpaid overtime.

Based on the parties' representations to the court, as set forth in the Joint Motion for Approval of Settlement, the court finds that plaintiffs' claims represent a bona fide dispute over FLSA provisions, namely FLSA coverage and the amount of his backpay, if any. Also the court finds that the parties' settlement is a fair and reasonable resolution of these bona fide disputes.

An Order granting the parties' Joint Motion for Approval of Settlement, (doc. 12), will be entered contemporaneously with this Memorandum Opinion.

**DONE** this 25th day of July, 2014.

*Sharon Lovelace Blackburn*
SHARON LOVELACE BLACKBURN
UNITED STATES DISTRICT JUDGE